**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

KEVIN MICHAEL HALL, )
)
Plaintiff, )
)
vs. ) CAUSE NO. 3:17-CV-266
)
INDIANA DEPARTMENT OF )
CORRECTIONS, *et al.*, )
)
Defendants. )

## OPINION AND ORDER

This matter is before the Court on the complaint filed by Kevin Michael Hall, a pro se prisoner, on April 3, 2017. For the reasons set forth below, the court **GRANTS** Kevin Michael Hall until May 18, 2017, to file an amended complaint and **CAUTIONS** him that if he does not respond by that deadline, this case will be dismissed without further notice.

DISCUSSION

Hall is suing four defendants based on two claims. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations

omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint.

Two of the four defendants are immune from suit pursuant to the Eleventh Amendment: Indiana Department of Correction and Indiana State Prison. *See Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). There are three exceptions to Eleventh Amendment immunity: (1) suits directly against the State based on a cause of action where Congress has abrogated the state's immunity from suit; (2) suits directly against the State if the State waived its sovereign immunity; and (3) suits against a State official seeking prospective equitable relief for ongoing violations of federal law. *MCI Telecommunications Corp. v. Ill. Commerce Comm' n*, 183 F.3d 558, 563 (7th Cir. 1999). None of these exceptions apply here. Congress did not abrogate the States' immunity through the enactment of Section 1983. *Joseph v. Bd. of Regents of Univ. of Wis. Sys.*, 432 F.3d 746, 748 (7th Cir. 2005). Indiana has not consented to this lawsuit. Neither the Indiana Department of Correction or the Indiana State Prison are State officials and Hall is seeking monetary damages, not prospective equitable relief. Therefore the Indiana Department of Correction and Indiana State Prison must be dismissed.

Hall alleges that Captain Yantzy and Sergeant Allen allowed other inmates to steal his property. The Fourteenth Amendment provides that state officials shall not "deprive any person of

life, liberty, or property, without due process of law." However, a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional depravation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) and *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). Because the State of Indiana provides a means to obtain redress for Hall's lost property, he has not been denied due process and does not state a claim for a violation of the Fourteenth Amendment. Therefore, this claims must be dismissed without prejudice.

Hall alleges that Captain Yantzy and Sergeant Allen did not protect him from being attacked by Jordan Freeman on April 15, 2015, or April 24, 2015. When an inmate is attacked by another inmate, the Constitution is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). The defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Hall alleges that on April 15, 2015, he fought with Jordan Freeman in his cell. He alleges that Freeman told him he would

3

return later that day and attack him with a knife. Hall told Sergeant Allen who took Hall to talk to Captain Yantzy. The two officers had Hall hide in the office while they removed Freeman from the unit. There is no indication that anyone knew that Freeman posed a threat to Hall until the fight. Therefore the officers are not liable for not protecting Hall from that first attack. Neither were they deliberately indifferent when they were told about it. They secured Hall in a safe place and removed Freeman from the unit.

Nine days later, on April 24, 2015, Hall was stabbed by an unknown inmate. He went to the Correction Officer's Cage and spoke to some officers. Hall does not say that Sergeant Allen or Captain Yantzy were there at this time. The officers put him in the Cage and left to find the attacker. After they left, Freeman entered the Cage and attacked him with a knife. Though it might have been negligent for the officers to have not locked the Cage, "[n]egligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless." *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). It is not enough to show that a defendant merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995). Even

4

incompetence does not state a claim of deliberate indifference. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000). Here, Hall has not alleged any facts from which it could be inferred that Sergeant Allen, Captain Yantzy, or the unidentified officers on the 24th knew that Freeman would enter the Cage or that they were deliberately indifferent in their response to Hall's attack that day. Therefore, Hall has not stated a claim against Sergeant Allen or Captain Yantzy.

Hall's complaint is well written and it does not appear that he omitted any relevant facts. Nevertheless, if he has facts which would show that Sergeant Allen or Captain Yantzy were deliberately indifferent, he may get a copy of the court's Prisoner Complaint (INND Rev. 8/16) form from the prison law library and file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). If not, he need not file one.

CONCLUSION

For the reasons set forth above, the Court **GRANTS** Kevin Michael Hall until May 18, 2017, to file an amended complaint and **CAUTIONS** him that if he does not respond by that deadline, this case will be dismissed without further notice.

**DATED: April 21, 2017**     /s/RUDY LOZANO, Judge
                              **United States District Court**